UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **COLONIAL LIVING CENTER, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-3212** |
| **THE HANOVER INSURANCE COMPANY** | **SECTION: "S" (5)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Colonial Living Center, L.L.C.'s motion for partial summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, is **GRANTED IN PART and DENIED IN PART**. (Document #19.)

### I. BACKGROUND

Colonial Living Center, L.L.C. (Colonial), the lessee and operator of a nursing home in Jefferson, Parish, Louisiana, purchased a commercial insurance policy from The Hanover Insurance Company (Hanover). The policy provided coverage for damage from windstorm, falling objects, and water damage (not flood waters) in the amount of $4,410,000 and for business income loss and extra expenses up to $1,701,200.

On August 29, 20005, Hurricane Katrina caused damage to the building and contents, which resulted in damages due to business interruption. On September 8, 2005, Colonial

provided Hanover with notice of the damage to the facility, and on September 12, 2005, the adjuster who represented Hanover conducted a tour of the facility. Hanover retained an expert, who calculated a $991,493 loss due to business interruption from September 2005 through February 2006. Colonial calculated an additional loss for "extra expense" of $35,907.

When Hanover failed to pay the claim within 60 days, Colonial filed a complaint alleging that Hanover breached the policy of insurance and acted in bad faith. Hanover made partial payment on the claim, and Colonial filed a motion for partial summary judgment on the issue whether the coinsurance condition of the policy applies.

## II. DISCUSSION

### A. Legal standard

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).

### B. Co-insurance penalty

Colonial contends that the coinsurance condition does not apply because Hanover's Form CP 15 10 is not listed on the declarations page as an attachment to the policy and was never

attached or made a part of the policy.  Thus, Colonial argues that Hanover may not apply the co-insurance penalty based on the form.

Section E of the "Business Income (and Extra Expense) Coverage Form" addresses the "Additional Condition" of coinsurance as follows:

> E. ADDITIONAL CONDITION
>
> Coinsurance
>
> If a Coinsurance percentage is shown in the Declarations, the following condition applies in addition to the Common Policy Conditions and the Commercial Property Conditions.
>
> We will not pay the full amount of any loss if the Limit of Insurance for Business Income is less than:
>
>> a. The Coinsurance percentage shown for Business Income in the Declarations; times
>>
>> b. The sum of:
>>
>> (1) The Net Income (Net Profit or Loss before income taxes), and
>>
>> (2) Operating expenses, including payroll expenses, that would have been earned or incurred (had no loss occurred) by your "operations" at the described premises for the 12 months following the inception, or last previous anniversary date, of this policy (whichever is later).
>
> Instead, we will determine the most we will pay using the following steps:
>
>> 1. Multiply the Net Income and operating expense for the 12 months following the inception, or last previous anniversary date, of this policy by the Coinsurance percentage;
>>
>> 2. Divide the Limit of Insurance for the described premises by the figure determined in Step 1.; and

      3. Multiply the total amount of loss by the figure determined in Step 2.

**We will pay the amount determined in Step 3, or the limit of insurance, whichever is less.  For the remainder, you will either have to rely on other insurance or absorb the loss yourself.**

**In determining operating expense for the purpose of applying the Coinsurance condition, the following expenses, if applicable, shall be deducted from the total of all operating expenses;**

      1. Prepaid freight–outgoing;
      2. Returns and allowances;
      3. Discounts;
      4. Bad debts;
      5. Collection expenses;
      6. Cost of raw stock and factory supplies consumed (including transportation charges);
      7. Cost of merchandise sold (including transportation charges);
      8. Cost of other supplies consumed (including transportation charges);
      9. Cost of services purchased from outsiders (not employees) to resell, that do not continue under contract;
      10. Power, heat and refrigeration expenses that do not continue under contract (if form CP 15 11 is attached);
      **11. All ordinary payroll expenses or the amount of payroll expense excluded (if form CP 15 10 is attached)**; and
      12. Special deductions for mining properties (royalties unless specifically included in coverage; actual depletion commonly known as unit or cost depletion–not percentage depletion; welfare and retirement fund charges based on tonnage; hired trucks).

The motion for partial summary judgment is denied as to the applicability of Condition E, Coinsurance.  Additional Condition E is part of the policy, and its applicability is not governed by Form CP 15 10.  The only reference to Form CP 15 10 is in the instructions for determining what categories will be deducted from operating expenses in applying the coinsurance condition.

The motion for partial summary judgment is granted as to the determination of total operating expenses.   If Form CP 15 10 is attached to a policy, all ordinary payroll expenses or

the amount of payroll expense are deducted.  Because Form CP 15 10 is not attached, "all ordinary payroll expenses or the amount of payroll expense" shall not be deducted from total operating expenses.

      New Orleans, Louisiana, this __11th_ day of June, 2007.

                                        _____
                                             **MARY ANN VIAL LEMMON**
                                            **UNITED STATES DISTRICT JUDGE**